Fulton v. Norton.

---

JAMES FULTON *vs.* JAMES NORTON.

*What is such severance as creates title separate from the soil.*

A sale of stones by the owner of a farm, accompanied by a payment for, and removal of the same by the vendee to another part of the premises, constitutes a severance, and vests the title in the purchaser.

A second sale of such stones by a grantee of the farm under a deed subsequent to the first sale by his predecessor in ownership of the farm vests no title; and if the second purchaser removes them from the place where they were deposited by the first vendee, he becomes liable in an action of trespass for the value of the stones thus removed.

ON EXCEPTIONS.

TRESPASS *de bonis asportatis*, for taking and carrying away thirty-five tons of ballast stones from the bank of the Cathance river, in Bowdoinham, in the summer of 1873.

The defendant admitted that he took and carried away in a lighter the quantity of ballast stones alleged, and justified the taking because he purchased them of John Hall, who was then the owner in possession of the soil, under title of a deed warranty from John Patten, dated May 11, 1872, conveying the farm upon which the stones originally were, as below stated.

The plaintiff made no question of the ownership or possession of the soil by Hall, or that the defendant acted under Hall's advice and direction in taking and carrying away the stones; but he claimed title to the stones by virtue of a purchase in the summer of 1870, of John Patten, Hall's grantor, who then owned the

farm.   He testified that he paid for them and removed them from the walls and fields of the farm, and threw them in a pile over the banks, and by the shore of the Cathance river, on said Hall's farm.

The defendant contended that the stones were a part of the real estate, and became Hall's under his deed; also that if the plaintiff ever had any title to them, he had abandoned or forfeited it by allowing them to remain so long upon the bank without removal.

There was evidence tending to show that Hall had no knowledge of Fulton's trade with his grantor, Patten, at the time of taking his title deed.

The presiding justice instructed the jury for the purposes of this trial as follows: "if the stones had been sold and delivered by the then owner of the land to the plaintiff, and he had taken and removed them to another place in pursuance of that purchase by him, they were severed from the soil, and became his personal property, and he would be entitled to recover, if they were taken and carried away wrongfully (that is, without his consent) by the defendant."

The verdict was for the plaintiff for $15.75, and the defendant excepted to the foregoing ruling of the presiding justice.

*W. T. Hall* for the defendant.

*W. Gilbert* for the plaintiff.

APPLETON, C. J.   This is an action of trespass *de bonis asportatis*, for taking and carrying away thirty-five tons of ballast stones from the bank of Cathance river.

The plaintiff purchased the stones of John Patten, the then owner of the soil, paid him for the same, and removed them from the walls and fields of his farm and piled them by the shore of Cathance river, but on said farm.

The defendant claiming title under John Hall, the grantee of Patten, by a deed subsequent to the sale and removal of the stones

before described, by the advice of Hall, who was then the owner of the farm upon which they were lying, took and carried away the stones, for which this action is brought.

The presiding judge instructed the jury that "if the stones had been sold and delivered by the then owner of the land to the plaintiff, and he had taken and removed them to another place in pursuance of that purchase by him, they were severed from the soil and became his personal property, and he would be entitled to recover, if they were taken and carried away wrongfully (that is, without his consent) by the defendant."

The instruction given was correct. The plaintiff had purchased and paid for the stones and removed them. He had had delivery of them from the owner of the soil. It was the legal result of severance, sale and removal, that they became the personal property of the plaintiff. As such the defendant converted them to his own use, and is liable for such conversion. *Giles* v. *Simonds*, 15 Gray, 441; *Drake* v. *Wills*, 11 Allen, 141.

*Exceptions overruled.*

WALTON, DICKERSON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.